*LAMBERT, Appellant, v. SLADE, Respondent. [337]

Parties—Insolvency:—Any creditor of an insolvent debtor has the right to be made a party for the purpose of opposing the discharge, or obtaining his proportion of the assets, whether he be named in the assignment or not.

Appeal from the Fourth Judicial District.

*Parsons, Cooke & Tyler,* for Appellant.

*William H. Martin,* for Respondent.

Mr. Ch. J. Murray delivered the opinion of the Court.
Mr. J. Heydenfeldt concurred.

The only question in this case is, whether a creditor, whose name has been omitted in the schedule of an insolvent debtor, under our statute, can be allowed to intervene for the purpose of opposing the insolvent's discharge.

The Act requires the petition to set forth the names of the creditors, the amount of assets, etc.

It further provides that any one or more of the creditors may attack the assignment, on the ground of "fraud."

If the word "creditors," as used in the 20th section of the Act, is to be limited in its operation to those creditors enumerated in the schedule, it follows that it must be taken with a like limitation wherever it occurs in the statute.

This construction would successfully enable the debtor to prefer any class of creditors, by simply omitting the names of others, leaving his assets to be distributed among a favorite few.

In such cases, the concealment of the name of a foreign creditor, would often deprive him of all remedy, inasmuch as the entire estate might be distributed without notice to him.

The intention of the statute was to throw all the assets into one common fund, for the benefit of all creditors.

[338] *Any creditor has the right to be made a party for the purpose of opposing the discharge, or obtaining his proportion of the assets, whether he be named in the assignment or not.

In fact, the omission of a creditor may, in many instances, operate as a fraud on his rights, and unless he is admitted to oppose the discharge and defend his interests, he will be driven to a circuity of action, or may be remediless.

Judgment reversed, and cause remanded.